IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-00098-E |
| | § | |
| KIWI.COM, INC. AND KIWI.COM S.R.O., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant Kiwi.com Inc.'s Motion to Dismiss for Improper Venue

(Doc. No. 16).  Pursuant to Rule 12(b)(3), Kiwi asks the Court to dismiss the complaint, or in the

alternative, transfer the case.  For reasons that follow, the Court **denies** the motion.

On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all

allegations in the complaint and resolve all conflicts in favor of the plaintiff.  *Braspetro Oil Servs.*

*Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007); *see* FED. R. CIV. P. 12(b)(3).

When deciding such a motion, the court may consider extrinsic evidence.  *See Ambraco, Inc. v.*

*Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

In its complaint, Plaintiff Southwest Airlines Company alleges that Kiwi operates an online

travel agency.  Southwest does not allow online travel agencies to sell Southwest flights without

express written approval.  The Terms & Conditions for use of its website expressly prohibit

attempts to "page scrape" flight data and use of the website for any commercial purpose without

authorization from Southwest.  Southwest alleges Kiwi has engaged in repeated, unlawful activity

1

on the Southwest website, including unauthorized scraping of flight and pricing data and unauthorized sale of Southwest tickets.

Southwest's complaint alleges venue is proper in this district because the claims asserted in this action arose here and a substantial part of the activities, conduct, and damages have occurred in Texas.  *See* 28 U.S.C. § 1391(b)(2) (civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").  Southwest alleges Kiwi accessed Southwest's servers located in this district without authorization.  Southwest also alleges that, pursuant to the Terms & Conditions of its website, Kiwi consented to exclusive jurisdiction of the courts in Dallas, Texas for all disputes related to the use of the website.

In its motion to dismiss, Kiwi argues that (1) venue is not proper under § 1391(b)(2) because the events giving rise to Southwest's claims occurred outside this district and (2) the forum-selection provision in the Terms & Conditions is invalid and unenforceable.  In connection with its challenge to Southwest's venue facts, Kiwi acknowledges that "[a]s receipt of Kiwi.com's HTTP requests to southwest.com constitutes the only 'events or omissions giving rise to the claim' that Southwest has plausibly alleged occurred within *any* American jurisdiction, the physical location at which those events occurred properly determines venue in this action."  According to Kiwi, under § 1391(b)(2), the proper venue for this dispute is the site of Southwest's web hosting provider.  Kiwi asserts "publicly available information" raises doubts that Southwest's servers are located in this district.  Kiwi argues that Southwest uses Amazon Web Services (AWS) for hosting, which is located in the Western District of Washington and directs the Court to a December 2020 article on a technology news website.  The article is about AWS's introduction of a new "Travel and Hospitality Competency" with 27 partners, including consulting partner Onica.  The article mentions that Southwest worked with Onica, a "cloud-native services provider," to support its

flight scheduling, among other things, and that Southwest also engages with other AWS partners. Kiwi asks the Court to dismiss the complaint or, alternatively, transfer the case to Washington.

In its response to the motion, Southwest makes several arguments in support of venue in this district. The Court need not address them all. Southwest asserts Kiwi is incorrect about the location of its server. It provides the declaration of Edward Lam, an Enterprise Architect at Southwest, who has responsibility for Southwest's website and mobile app. Lam is familiar with how and where Southwest hosts data and supports functionality for its digital platforms. According to Lam, Southwest's digital platforms are hosted and supported at data centers located in and around Dallas. When a user views or obtains flight information using these platforms, the user's computer accesses and interacts with the servers located in and around Dallas. Lam further states that, although Southwest has a relationship with AWS, its digital platforms are not hosted through AWS or on servers located in Washington.

Southwest's complaint identifies facts establishing that venue is appropriate in this district, and Southwest has provided evidence to refute the allegations in Kiwi's motion to dismiss. Kiwi did not file a reply in support of its motion and has not directly controverted Lam's declaration. The Court concludes that venue is proper in this district and denies Kiwi's motion.

**SO ORDERED.**

Signed March 26, 2021.

Ada Brown
UNITED STATES DISTRICT JUDGE