**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SOUTHWEST AIRLINES CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-cv-00098-E** |
| | § | |
| **KIWI.COM, INC. and KIWI.COM** | § | |
| **S.R.O.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE**
**TO FILE BRIEF AMICI CURIAE**

Plaintiff Southwest Airlines Co. ("Southwest") responds to non-party Mark Lemley's Motion for Leave to File Brief Amici Curiae [D.I. 32], as follows:

"The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Okechuku v. United States*, 3:19-CV-1005-B-BT, 2019 WL 6497876, at *1 (N.D. Tex. Dec. 3, 2019) (denying leave to file amicus brief). "Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (denying leave to file amicus brief that was not helpful and was not timely because it was filed more than 7 days after the principal brief); *see also Trahan v. Long Beach Mortgage Co.*, 9:05-CV-29 (TH/KFG), 2006 WL 8440677, at *1 (E.D. Tex. Feb. 9, 2006) ("When a court determines that the parties are already adequately represented or when an amicus curiae is perceived a partisan advocate for one of the parties to the litigation, leave to

appear amicus should be denied."); *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (granting motion to strike amicus brief where the parties were adequately represented, the amici had no interest in the case, and the brief did not add "anything consequential" to the court's consideration of the case).

The Court should deny the motion for leave to file an amicus brief. First, Lemley does not have an interest in the outcome of this case.[1] Second, Kiwi is already represented by competent counsel and does not need assistance. Third, the motion for leave is untimely, as it was filed on April 15, 2021; Southwest's reply brief on the preliminary injunction was due the next day, thereby depriving Southwest of an adequate opportunity to respond in terms of timing and space within the page limits of a reply brief. Fourth, the comments in Lemley's letter are not helpful to the issues to be decided because they generally advocate for abandoning well-established law in this district and beyond.

Moreover, because Southwest's motion for a preliminary injunction is based on its contract claim, the commentary on whether the CFAA applies to publicly available information is irrelevant (and also adequately covered in Kiwi's briefing). While *BoardFirst* cites to Lemley's article on browse-wrap agreements, it was not central to Judge Boyle's reasoning and analysis, which was principally based on Texas contract law.[2] The court only cited the Lemley article (along with another article) for this general proposition that enforceability generally turns on whether a website user has notice of the site's terms and conditions.[3] Here, Kiwi's knowledge is not in dispute.

Lemley's additional commentary on browse-wrap agreements—or what he purportedly meant to say in his article—are not helpful to the issues to be decided. This Court is well-equipped

---

[1] Motion [D.I. 32] at 2.

[2] *See Sw. Airlines Co. v. BoardFirst, L.L.C.*, 3:06-CV-0891-B, 2007 WL 4823761, at *4 (N.D. Tex. Sept. 12, 2007).

[3] *See id.* at *5.

to determine the questions of law before it without any additional commentary. For the foregoing reasons, Southwest requests that the court deny the requested motion for leave [D.I. 32].

Date:  May 6, 2021

Respectfully submitted,

By: */s/ Michael C. Wilson*
    Michael C. Wilson
    Texas State Bar No. 21704590
    mwilson@munckwilson.com
    S. Wallace Dunwoody
    Texas State Bar No. 24040838
    wdunwoody@munckwilson.com
    Amanda K. Greenspon
    Florida Bar No. 1014584
    agreenspon@munckwilson.com
    Julie M. Christensen
    jchristensen@munckwilson.com
    Texas State Bar No. 24105601
    **MUNCK WILSON MANDALA, LLP**
    600 Banner Place Tower
    12770 Coit Road
    Dallas, Texas 75251
    Telephone: 972-628-3600

    **ATTORNEYS FOR PLAINTIFF**
    **SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

I hereby certify that on a true and correct copy of the foregoing document has been served on all counsel of record via the Court's electronic filing system, pursuant to the Federal Rules of Civil Procedure, on May 6, 2021.

*/s/ Michael C. Wilson*
Michael C. Wilson

3