IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-00098-E |
| | § | |
| KIWI.COM, INC. AND KIWI.COM S.R.O., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Kiwi.com s.r.o.'s Motion to Dismiss First Amended Complaint (Doc. 60). Kiwi contends the Court lacks personal jurisdiction over it. Alternatively, Kiwi asks the Court to dismiss several of Plaintiff Southwest Airlines Company's claims under Rule 12(b)(6). Southwest responds that Kiwi is subject to specific personal jurisdiction, that Kiwi waived personal jurisdiction by an enforceable forum selection clause, and that it has stated claims upon which relief can be granted. For reasons that follow, the Court denies Kiwi's motion.

Defendant Kiwi is a limited liability company with headquarters in the Czech Republic. In its First Amended Complaint, Southwest alleges that Kiwi, and another defendant who does not challenge personal jurisdiction, operates an online travel agency.[1] Southwest does not allow online travel agencies to sell Southwest flights without express written approval. The Terms & Conditions for use of its website ("the Terms") expressly prohibit attempts to "page scrape" flight data and use of the website for any commercial purpose without authorization from Southwest.

---

[1] The other defendant is Kiwi.com Inc., a Delaware corporation. For purposes of this Order, "Kiwi" refers only to Kiwi.com s.r.o.

1

Southwest alleges Kiwi has engaged in repeated, unlawful activity on the Southwest website, including unauthorized scraping of flight and pricing data and unauthorized sale of Southwest tickets.  Southwest asserts the following causes of action:  (1) breach of contract/the Terms; (2) trademark infringement under 15 U.S.C. § 1114; (3) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (4) dilution under 15 U.S.C. § 1125(c); (5) computer fraud and abuse under 18 U.S.C. § 1030; (6) violation of the Texas Harmful Access by Computer Act; and (7) unjust enrichment.

Southwest's live pleading includes the following jurisdictional allegations.  Southwest alleges Kiwi is accessing Southwest's computer systems located in Texas and in this District without authorization, bypassing Southwest's security systems intended to block automated traffic and bots from using its website, and hacking the Southwest application program interface that is accessible only through Southwest's website.  Southwest alleges Kiwi purchased tickets from Southwest's website and resold those flights to over 170,000 customers.  In purchasing the flights, Kiwi interacted with Southwest's computer systems located in this District.

Southwest further alleges the Court has jurisdiction over Kiwi pursuant to the Terms of its website, which include the following forum selection clause:

> **Forum Selection**
>
> **These Terms and the relationship between you and Southwest shall be governed by the laws of the State of Texas without regard to any conflict of law provisions.  You agree to the personal and exclusive jurisdiction of the courts located within Dallas, TX.  You hereby consent to the exclusive jurisdiction and venue of the State and Federal courts in Dallas, Texas in all disputes.  You agree and understand that you will not bring against the Southwest Parties any class action lawsuit related to your access to, dealings with, or use of the Service.**

In addition, Southwest asserts Kiwi has committed torts in this District, breached a contract in this District, violated Texas statutes in this District, and systematically conducts business in this District.

In its motion to dismiss, Kiwi argues that it is not subject to general or specific personal jurisdiction in Texas. Kiwi denies that it has consented to personal jurisdiction in this district. It maintains the forum selection clause on Southwest's website is invalid and unenforceable. Kiwi also argues that even if there are minimum contacts to support specific jurisdiction, exercise of that jurisdiction would be unfair and unreasonable.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff rather than the movant has the burden of proof. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). The plaintiff need not establish personal jurisdiction by a preponderance of the evidence; prima facie evidence of personal jurisdiction is sufficient. *Id.* The Court accepts the plaintiff's uncontroverted, nonconclusory factual allegations as true and resolves all controverted allegations in the plaintiff's favor. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, and other recognized methods of discovery. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

A federal court sitting in diversity in Texas may exercise personal jurisdiction over a foreign defendant if permitted by (1) the Texas long-arm statute, and (2) the due process clause of the Fourteenth Amendment. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019). Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis. *Id.* Federal due process is satisfied if two requirements are met: (1) the nonresident purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the state; and (2) the

3

exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* at 249–50. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 250 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). A defendant's "minimum contacts" may give rise to either general or specific jurisdiction. *Id.*

Southwest does not argue that Kiwi is subject to general jurisdiction here. General jurisdiction is difficult to establish and requires extensive contacts between a defendant and forum. *Sangha v. Navig8 ShipManagement Private, Ltd.*, 882 F.3d 96, 101–02 (5th Cir. 2018). Specific jurisdiction is very different. *Bristol-Myers Squibb Co. v. Superior Court of Ca.*, 137 S. Ct. 1773, 1780 (2017). For a court to exercise specific jurisdiction, the lawsuit must arise out of or relate to the defendant's contacts with the forum. *Id.* In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.*

Southwest contends Kiwi's Texas contacts support specific jurisdiction. Southwest argues that its complaint alleges, and Kiwi has not refuted, that Kiwi had the following contacts with Texas: (1) accessing and hacking Southwest's computer systems in Texas; (2) scraping and republishing data from Southwest's website hosted in Texas without permission; (3) purchasing over 170,000 flights from Southwest in Texas; (4) reselling thousands of Southwest flights departing or arriving at airports in Texas; (5) reselling Southwest's services to thousands of

4

customers in Texas; (6) engaging in unfair and deceptive practices with respect to the sale of Southwest's services in Texas; (7) targeting and soliciting customers in Texas; and (8) soliciting Southwest leadership in Texas to form a cooperative business relationship.

The Court is not persuaded that the location of Southwest's servers here in Dallas alone can be a basis for personal jurisdiction, as the location of Southwest's servers could be merely fortuitous. *See, e.g., Chang v. Virgin Mobile USA, LLC*, No. 3:07-CV-1767-D, 2009 WL 111570, at *4 (N.D. Tex. Jan 16, 2009) (noting courts have rejected argument that physical location of computer servers can be basis for personal jurisdiction); *see also BidPrime, LLC v. SmartProcure, Inc.*, No. 1:18-CV-478-RP, 2018 WL 5260050, at *2–3 (W.D. Tex. Oct. 22, 2018). But coupled with Southwest's other allegations, the Court finds that Southwest has established a prima facie case for specific jurisdiction in Texas. Southwest alleges that Kiwi has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *See BidPrime*, 2018 WL 5260050, at *2–3. The Court finds the *BidPrime* opinion instructive. In that case, the plaintiff sued a rival business and its nonresident CEO, alleging that they hacked the plaintiff's website and scraped information. The nonresident defendant argued, as Kiwi does, that his alleged conduct took place from his home, not in Texas. *Id.* at *2. Among other things, the plaintiff alleged the nonresident defendant, knowing the plaintiff was a Texas company, used his computer to access the plaintiff's website without authorization and hired a software developer to write a data-scraping program and scrape bid requests from the plaintiff's website. The court concluded the allegations sufficed to establish a prima facie case for specific jurisdiction in Texas, stating, "[a] defendant who repeatedly and purposefully obtains unauthorized access to servers he knows belong to a Texas company can reasonably anticipate being haled into court in Texas." *Id.* at *3.

5

The Court reaches this same result here based on Southwest's allegations. Southwest contends Kiwi has knowingly violated the Terms of Southwest's website through the unauthorized scraping of flight and pricing data and by selling Southwest tickets without approval. Kiwi allegedly continues to resell Southwest flights despite Southwest's demands that Kiwi stop. As alleged by Southwest, Kiwi has repeatedly and purposefully obtained unauthorized access to servers it knows belong to a Texas company to resell Southwest's services. Kiwi thus purposefully directed its conduct at a Texas resident. It knew or should have known the effects of its conduct would be felt in this forum and could reasonably anticipate being haled into court in Texas. Based on the Court's conclusion that Southwest has established a prima facie case for specific jurisdiction in Texas, the Court need not reach Kiwi's arguments regarding the validity, enforceability, and scope of the forum selection clause in the Terms.

The burden of proof shifts to Kiwi to show that the assertion of jurisdiction is unfair and unreasonable based on the following factors: (1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states or nations in furthering fundamental social policies. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276 (5th Cir. 2006); *see also Asahi Metal Indus. Co. v. Superior Court of Ca.*, 480 U.S. 102, 115 (1987). To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a "compelling case" against it. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown. *Id.*

Kiwi argues that the burden of traversing the distance between its headquarters in the Czech Republic and Texas would be a heavy one, as would being forced to submit its dispute to a foreign

6

nation's judicial system. Kiwi also argues that many of the documents that might become evidence in this suit are "either in Czech, in the Czech Republic, or both." It further argues that only a few of its employees speak English well enough to be subjected to examination in English. And Kiwi contends these burdens are exacerbated by the Covid-19 pandemic; Kiwi asserts travel restrictions preclude Kiwi representatives from traveling to Dallas.

At most Kiwi demonstrates an inconvenience which would be equally felt by forcing Southwest to litigate in the Czech Republic, especially given the availability and use of technology for remote court proceedings during the Covid-19 pandemic. The Court concludes the assertion of jurisdiction over Kiwi is fair and reasonable. Texas has an interest in providing a convenient forum for its residents to resolve their disputes. The Court finds no overwhelming burden to Kiwi that outweighs the legitimate interests of Southwest and the forum state. *See BidPrime*, 2018 WL 5260050, at *4.

Kiwi further argues that even if the Court finds personal jurisdiction, Southwest has failed to state a claim under Rule 12(b)(6) on some of its claims, specifically Southwest's claims for violation of the Texas Harmful Access by Computer Act, unjust enrichment, and attorney's fees. To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon review of the amended complaint, motion to dismiss, Southwest's response, and Kiwi's reply, the Court concludes Southwest has pleaded specific facts which establish a plausibility of entitlement to relief on these claims. Accordingly, Kiwi's motion to dismiss is **DENIED** in its entirety.

**SO ORDERED.**

Signed August 10, 2021.

Ada Brown
UNITED STATES DISTRICT JUDGE