IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES CO., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-cv-00098-E |
| KIWI.COM, INC. and KIWI.COM S.R.O., | § § § § | |
| Defendants. | § § | |

**SOUTHWEST'S REPLY IN SUPPORT OF MOTION TO COMPEL
KIWI TO ANSWER INTERROGATORY NO. 3**

Southwest Airlines Co. ("Southwest") files this reply in support of its motion to compel Kiwi.com, Inc. and Kiwi.com s.r.o. ("Kiwi") to provide a full and complete answer to Interrogatory No. 3, as follows.

### I.  INTRODUCTION

Kiwi's response makes clear that Kiwi would rather burden the Court with motion practice than timely provide basic discovery. Kiwi ***does not dispute*** that the information sought in Southwest's motion to compel is relevant and proportional to the needs of the case, or that Kiwi's response to Interrogatory No. 3 was incomplete. This was clear in Southwest's Motion,[1] yet Kiwi just ignores it.

Even if Kiwi initially believed that Southwest was only interested in discovery about how Kiwi obtained flight and fare data *directly* from the Southwest website, the series of discovery

---

[1] Motion at 2-6 [Doc. 104].

1

conferences on this issue made it crystal clear that Southwest was seeking discovery on *all the ways* in which Kiwi obtained Southwest flight and fare data—including from third parties such as GDS services or travel agencies.

Kiwi's refusal to provide a full and complete answer on this topic only served to prolong Kiwi's unlawful activities. This was prejudicial to Southwest and an abuse of the discovery process. Southwest respectfully requests that the Court grant Southwest's motion to compel and order Kiwi to provide a full, complete, non-evasive answer to Interrogatory No. 3, identifying and explaining in detail how Kiwi has obtained Southwest flight and fare data since April 29, 2021. Southwest also requests an award of reasonable attorneys' fees incurred for bringing this motion under Rule 37(a)(5)(A).

## II.  ARGUMENTS

**A.   Interrogatory No. 3 seeks discovery of how Kiwi is obtaining Southwest flight and fare data.**

Interrogatory No. 3 asks Kiwi to "[i]dentify and explain each way that Kiwi has accessed or harvested Southwest's Company Information … from January 1, 2017 to the present."[2] The term "Company Information" is defined to include "information and materials concerning Southwest and its products and services …, including flight schedules, routes, [and] fares …."[3] Although Kiwi provided a partial answer regarding "Kiwi.com's collection of … flight and fare data from Southwest.com," the answer stated that "Kiwi.com stopped accessing Southwest.com for flight and fare data" around April 29, 2021.[4] Southwest conferred with Kiwi multiple times

---

[2] Ex. A-1 to Motion, Southwest's Interrogatories to Kiwi.

[3] Ex. A-1 to Motion, Southwest's Interrogatories to Kiwi. The definition of "Company Information" is the same definition as used in the Southwest Terms & Conditions for use of the Southwest Website, which forms the basis of Southwest's breach of contract claim.

[4] Ex. A-2 to Motion, Kiwi's Responses to Southwest's Interrogatories.

requesting supplementation of a complete response to Interrogatory No. 3, including how Kiwi has obtained flight and fare data since April 29, 2021.[5]

During a discovery conference on August 23, 2021,[6] Kiwi promised to provide additional information on how Kiwi has obtained Southwest flight and fare data since April 29, 2021.[7] Six days later, Kiwi sent an email (but did not supplement its interrogatory response), stating: "Since April 2021, Kiwi.com has received data regarding Southwest flights from a Global Distribution System. We remain committed to supplementing our interrogatory responses in due course as we produce documents with additional responsive information."[8] Southwest responded the same day:

> This is not an adequate answer. Last Monday, [Kiwi's counsel] told [Southwest's counsel that] Kiwi would tell us where it is getting the information. A 'Global Distribution System' is not an answer. Please stop the gamesmanship and promptly provide the identity of any GDS (or other source) Kiwi claims it is obtaining the data from, whether before or after April of 2021. If you cannot provide that tomorrow, let's (again) confer on a motion to compel.[9]

The next day, Kiwi sent a short response identifying a GDS.[10] But the GDS denied supplying Kiwi with Southwest's flight and fare data.[11] And additional investigations indicated that Kiwi.com was likely using other third parties to obtain Southwest flight and fare data.

While Southwest has taken action (on numerous occasions) to prevent Kiwi from accessing Southwest's flight and fare data, Kiwi continues to change tactics (finding new ways to hack and

---

[5] Ex. A-3 to Motion, Aug. 18, 2021 Email.

[6] Ex. A to Motion, Dunwoody Declaration ¶ 5.

[7] Ex. A to Motion, Dunwoody Declaration ¶ 5.

[8] Ex. A-4 to Motion, Email Chain at 6.

[9] Ex. A-4 to Motion, Email Chain at 4.

[10] Ex. A-4 to Motion, Email Chain at 2.

[11] Ex. A to Motion, Dunwoody Declaration ¶ 6.

obtain the data) from sources it has not yet disclosed.[12] It is clear why Kiwi refuses to provide the requested information—Kiwi wanted to hide its tactics from Southwest so that it could continue obtaining Southwest's flight and fare data and prevent Southwest from taking action to stop it. Kiwi's evasive answers and refusal to supplement—even when pressed on the issue—were not substantially justified.

**B.     Kiwi does not dispute that the information sought is relevant and discoverable.**

Kiwi's response does not address (or attempt to rebut) the most critical point—that the discovery sought is relevant, proportional, and discoverable. Kiwi admitted as much in the initial discovery conference before ultimately backtracking on that position and forcing Southwest to file a motion to compel. That is not how discovery is supposed to work. Kiwi has a duty to provide a full, complete, and non-evasive answer, and to supplement its answer to provide relevant discovery. Kiwi had a duty to promptly supplement its answer (as it initially committed to do) when Southwest made it clear that it was seeking discovery regarding *all the ways* Kiwi was obtaining Southwest flight and fare data, including from GDS services or travel agencies. Kiwi's failure to do so was an abuse of the discovery process.

**C.     Kiwi's objection about the manner of service was waived.**

Kiwi's response includes a footnote suggesting that Kiwi was not required to respond to the interrogatories at all because they were served by email before the parties reached a formal agreement to accept service of discovery by email. To the extent that such a position was ever tenable, Kiwi waived the objection by responding to the discovery on August 16, 2021, and by not raising the issue during the parties' discovery conferences.

---

[12] Ex. A to Motion, Dunwoody Declaration ¶ 8.

**D.      Southwest's reasonable attorneys' fees for this motion were over $10,000.**

In the months of August to October 2021, Southwest incurred attorneys' fees of at least $12,344 for 29.6 hours of attorney time spent pursuing issues relating to the motion to compel, including conferring on the issue, preparing the motion, and preparing the reply brief. To the extent that the Court finds that Kiwi's failure to respond and supplement Interrogatory No. 3 was not substantially justified, Southwest requests an award of reasonable attorneys' fees.

### III.      CONCLUSION

Southwest requests an order overruling Kiwi's objections and compelling Kiwi to provide a full and complete answer to Interrogatory No. 3, including identifying and explaining where and how Kiwi has obtained Southwest's flight and fare data since April 29, 2021. Southwest requests all other relief the Court finds just and appropriate.

| | |
|---|---|
| Date: October 5, 2021 | Respectfully submitted,<br><br>*/s/ Michael C. Wilson*<br>Michael C. Wilson<br>Texas State Bar No. 21704590<br>mwilson@munckwilson.com<br>S. Wallace Dunwoody<br>Texas State Bar No. 24040838<br>wdunwoody@munckwilson.com<br>Amanda K. Greenspon<br>Florida Bar No. 1014584<br>agreenspon@munckwilson.com<br>Julie M. Christensen<br>Texas State Bar No. 24105601<br>jchristensen@munckwilson.com<br>Zachary B. Tobolowsky<br>Texas State Bate No. 24106512<br>ztobolowsky@munckwilson.com<br>**MUNCK WILSON MANDALA, LLP**<br>600 Banner Place Tower<br>12770 Coit Road<br>Dallas, Texas 75251<br>Telephone: 972-628-3600<br><br>**ATTORNEYS FOR PLAINTIFF SOUTHWEST AIRLINES CO.** |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's electronic filing system, pursuant to the Federal Rules of Civil Procedure, on October 5, 2021.

*/s/ Michael C. Wilson*
Michael C. Wilson

903636

6