IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00098 |
| | § | |
| KIWI.COM, INC., and KIWI.COM S.R.O., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANTS' MOTION TO COMPEL CORPORATE REPRESENTATIVE DEPOSITION, REQUEST FOR EXPEDITED BRIEFING, AND BRIEF IN SUPPORT

Defendants Kiwi.com, Inc. and Kiwi.com s.r.o. ("Kiwi.com" or "Defendants") file this Motion to Compel the Corporate Representative Deposition of Plaintiff Southwest Airlines Co. ("Southwest"). Kiwi.com respectfully requests that the Court expedite Plaintiff's deadline to respond to Defendants' Motion to on or before November 5, 2021. Kiwi.com requests expedited briefing because Southwest's refusal to tender a corporate representative within the discovery period flagrantly violates the Court's Scheduling Order (ECF No. 80), warranting prompt corrective action. Just last month, Southwest moved to compel a supplemental interrogatory response from Kiwi.com and asked for expedited briefing because "the Court's scheduling order requires the parties to complete fact discovery by November 1, 2021." Southwest's Motion to Compel (ECF No. 95-1 at 2). Having prevailed in enforcing the Scheduling Order, Southwest should be estopped from ignoring its requirements when it benefits Southwest, and the Court should hold Southwest to the same standards. *See Zedner v. U.S.*, 547 U.S. 489, 503-04 (2006) (identifying elements of judicial estoppel).

A.   **Procedural Background**

Southwest insisted upon an expedited schedule for this case and argued it could meet its discovery obligations within this period. The Court granted Southwest's request, and the Scheduling Order requires the parties to complete fact discovery by November 1, 2021. Scheduling Order at 1. On October 1, Kiwi.com noticed Southwest's corporate representative deposition for October 25, 2021, "or such other date to which the parties may agree, including any date prior to the close of fact discovery pursuant to the Court's Scheduling Order." App. 1-9. Southwest notified Kiwi.com on Friday, October 22, that it would not tender any witnesses for deposition on October 25, and further confirmed on October 25 that it would not tender any witnesses for deposition prior to the close of fact discovery. Southwest never served objections to Kiwi.com's corporate representative deposition notice, and never moved for a protective order that would have excused Southwest's failure to comply with the deposition notice or the Scheduling Order.

B.   **Legal Argument and Authority**

A witness must comply with a deposition notice unless excused by court order. *Barnes v. Madison*, 79 Fed. Appx. 691, 707 (5th Cir. 2003) ("the mere act of filing a motion for a protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance."). When a party fails to appear for a corporate representative deposition, the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

Southwest has no legitimate justification for failing to comply with the Court's Scheduling Order and Kiwi.com's deposition notice. Southwest's counsel had informed Kiwi.com of a trial

conflict beginning October 26, so Kiwi.com accommodated this conflict by noticing the deposition for October 25. On October 25, Southwest notified Kiwi.com that the primary witness it intended to designate as its corporate representative, Mark Hursh, is out of town on vacation through November 10 and the earliest Southwest will present him for deposition is November 12. This is unacceptable.

Southwest knew it had an obligation to tender a corporate representative for deposition before the close of fact discovery on November 1. Southwest could have chosen a corporate representative whom it could tender for deposition before the close of fact discovery. Southwest could have moved for a protective order in response to the deposition notice. Southwest did neither, and instead chose to ignore this Court's Scheduling Order and Kiwi.com's deposition notice.

Southwest cannot avoid sanctions by inventing further excuses in its response. As soon as Southwest knew it had no intent to comply with Kiwi.com's deposition notice, it should have moved for a protective order. Having failed to do move for and obtain a Court order excusing compliance, Southwest cannot show substantial justification. *Barnes*, 79 Fed. Appx. at 707.

**C.     Conclusion**

For these reasons, Defendants Kiwi.com, Inc. and Kiwi.com s.r.o. respectfully request that the Court expedite Plaintiff's deadline to respond to Defendants' Motion to Compel the Corporate Representative Deposition of Plaintiff Southwest Airlines Co. to October 29, 2021, grant Defendants' Motion, order Southwest to tender one or more corporate representatives for deposition to on or before November 5, 2021, order Southwest or its counsel to pay for Defendants' reasonable expenses, including attorney's fees, incurred in connection with this motion, and grant all other and further relief to which Defendants may show themselves entitled.

Dated: October 26, 2021                     Respectfully submitted,

/s/ Alex More
Kieran McCarthy (*admitted pro hac vice*)
Colorado Bar No. 37933
Asa Garber (*admitted pro hac vice*)
Colorado Bar No. 48256
MCCARTHY GARBER LAW, LLC
501 S. Cherry Street #1100
Denver, Colorado 80246
(720) 504-5294
kieran@mccarthygarberlaw.com
asa@mccarthygarberlaw.com

Ryan P. Bates
Texas Bar No. 24055152
BATES PLLC
919 Congress Avenue, Suite 1305
Austin, Texas 78701
(512) 694-5268
rbates@batespllc.com

Alex More
Texas Bar No. 24065789
Monica Gaudioso
Texas Bar No. 24084570
CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
901 Main St., Ste. 5500
Dallas, Texas 75202
(214) 855-3053
amore@ccsb.com
mgaudioso@ccsb.com

*Attorneys for Defendants*
*Kiwi.com, Inc. and Kiwi.com s.r.o.*

**Certificate of Conference**

Counsel for movants has conferred in good faith with counsel for respondent to determine whether the motion is opposed and in an effort to obtain the relief requested without court action. A conference was held on October 25, 2021, between Alex More and S. Wallace Dunwoody. Agreement could not be reached because respondent will not tender witnesses in response to movant's corporate representative deposition notice before the close of fact discovery.

/s/ Alex More, counsel for movants