IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-00098 |
| | § | |
| KIWI.COM, INC. and | § | |
| KIWI.COM S.R.O., | § | |
| | § | |
| Defendants. | § | |

### SOUTHWEST'S RESPONSE TO KIWI'S MOTION TO COMPEL

As further explained in Southwest Airlines Co.'s ("Southwest") Motion for Leave to Extend Certain Scheduling Order Deadlines by 14 Days, Request for Expedited Briefing, and Brief in Support ("Motion for Leave") [Doc. 117], Kiwi's Motion to Compel ("Kiwi's Motion") [Doc. 114] is a waste of judicial resources. ***Kiwi could have avoided this dispute by agreeing to take the deposition of Southwest's second corporate representative on November 12, 2021, the date Southwest offered*** (which was the first available date for Southwest and the witness).

### I.   BACKGROUND

1. On July 23, 2021, the Court entered its Scheduling Order setting the deadline for completion of fact discovery for November 1, 2021 and setting trial for March 29, 2022. [Doc. 80].

2. On July 26, 2021, Southwest served its Notice of Rule 30(b)(6) Deposition of Defendants Kiwi.com, Inc. and Kiwi.com s.r.o.'s Designated Corporate Representative.[1]

---

[1] Ex. A-1, A-2.

1

Southwest input a placeholder date of September 9, 2021, but promptly informed Kiwi that it would work with Kiwi's counsel and witnesses to identify a convenient date in early or mid-September.[2]

3. Thereafter, Southwest followed-up with Kiwi on multiple occasions to request available dates and proposed witnesses.[3]

4. On September 9, 2021, counsel for Southwest and Kiwi conducted a teleconference (the date Kiwi's 30(b)(6) deposition was originally noticed to occur) and then Kiwi agreed to provide witnesses and deposition dates by September 17, 2021.[4] But Kiwi never provided dates by the parties' deadline.

5. Southwest followed-up again on September 24, 2021 to obtain deposition dates. At that time (September 24), **Southwest's counsel informed Kiwi that its two primary attorneys had unavoidable conflicts** (a jury trial in Tarrant County for Mr. Dunwoody and court-ordered out of state depositions for Mr. Wilson) **during the week of October 25 and could not conduct any depositions that week**.[5] Southwest reminded Kiwi of these conflicts multiple times.[6]

6. On September 27, 2021, Kiwi informed Southwest that its corporate representative(s) likely would be available in "late October," but that it was confirming with its witnesses.[7]

---

[2] Ex. A-3.

[3] Ex. A at ¶ 17, A-5, A-6, A-9, A-10.

[4] Ex. A-9, A-10.

[5] Ex. A-9.

[6] Ex. A at ¶ 17.

[7] Ex. A-10.

7. On October 1, 2021, ***with knowledge of Southwest's trial and deposition conflicts during the week of October 25***, Kiwi noticed the deposition of Southwest's corporate representative for October 25, 2021.[8]

8. Kiwi eventually agreed to produce its corporate representatives for deposition on October 18-20, 2021. However, Kiwi failed to produce ESI despite promising to do so by October 18 (discovery that is still outstanding).

9. On October 22, 2021, counsel for Southwest offered its technological corporate representative for deposition on November 1, 2021 and its remaining corporate representative on November 12, 2021.[9] Southwest informed Kiwi it could not produce the remaining witness (Mr. Mark Hursh) until November 12 because the witness was out of town in early November on a previously scheduled family trip.[10]

10. Kiwi never really mentions these facts in its Motion. Instead of working with Southwest to remedy the conflict, make reasonable accommodations for these conflicts, or agree to a simple extension, Kiwi rushed to file a Motion to Compel.

## II.   ARGUMENT AND AUTHORITIES

Kiwi has demonstrated neither entitlement to the relief requested nor an award of expenses. As Southwest has previously explained, Kiwi was well-aware of pre-existing conflicts during the week of October 25, 2021. Southwest offered to produce its technological corporate representative for deposition before the discovery deadline of November 1, 2021, and has offered to produce the remaining corporate representative on November 12, 2021. Southwest is "allowed to choose any

---

[8] Ex. B.
[9] Ex. A-16.
[10] *See id.*

3

officer or employee as [its] designated representative."[11] And Mr. Hursh is the only logical choice to cover the business topics noticed by Kiwi because Mr. Hursh is the person most knowledge on those topics.

A short extension to address those scheduling conflicts poses no prejudice to Kiwi.

### III.   CONCLUSION

Southwest requests Kiwi's Motion be denied. Southwest further requests an order extending certain deadlines by 14 days as explained in its Motion to Extend [Doc. 117].

---

[11] *Datatreasury Corp. v. Wells Fargo & Co.*, 2:06-CV-72 DF, 2010 WL 11468934, at *25 (E.D. Tex. Oct. 5, 2010); *see also*, 8A Wright & Miller, Federal Practice and Procedure: Civil 3d § 2103 ("The goal of the Rule 30(b)(6) requirement is to enable the responding organization to identify the person who is best situated to answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter.").

Dated:  October 29, 2021

Respectfully submitted,

By: */s/ Michael C. Wilson*
Michael C. Wilson
Texas State Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
Texas Bar. No. 24040838
wdunwoody@munckwilson.com
Amanda K. Greenspon
Florida Bar No. 1014584
AGreenspon@munckwilson.com
Julie M. Christensen
Texas State Bar No. 24105601
jchristensen@munckwilson.com
Zachary B. Tobolowsky
Texas State Bar No. 24106512
ztobolowsky@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600

**COUNSEL FOR PLAINTIFF
SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by ECF on October 29, 2021.

*/s/ Michael C. Wilson*
Michael C. Wilson

909061